NOTICE

Decision filed 07/22/26. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2026 IL App (5th) 250504-U

NO. 5-25-0504

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| CHRISTINA VEASLEY, Natural Mother of the Decedent, Keyani Thomas, | ) ) ) | Appeal from the Circuit Court of Madison County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 24-LA-45 |
| AMEREN ILLINOIS, ROYCE RICHARDSON, THE CITY OF ALTON, ILLINOIS DEPARTMENT OF TRANSPORTATION, and JOHN DOE, | ) ) ) ) ) | |
| Defendants | ) ) | |
| (Ameren Illinois, The City of Alton, and Illinois Department of Transportation, Defendants-Appellees). | ) ) ) ) | Honorable Sarah D. Smith, Judge, presiding. |

_____

JUSTICE BOLLINGER delivered the judgment of the court.
Justices McHaney and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We affirm the dismissal of plaintiff's first amended complaint as to defendants IDOT and Ameren, where plaintiff failed to contest their motions to dismiss in the circuit court, thereby forfeiting issues raised on appeal and vacate the dismissal order as to defendant City of Alton where it did not serve notice of hearing on any motion to dismiss for the circuit court to grant.

¶ 2    On January 8, 2024, plaintiff, Christina Veasley, filed a complaint on behalf of the estate of her daughter, decedent Keyani Thomas, against defendants Ameren Illinois (Ameren), Royce Richardson, the City of Alton, Illinois (Alton), the Illinois Department of Transportation (IDOT),

1

and John Doe, alleging negligence against each defendant in the death of Thomas. Plaintiff later filed a first amended complaint. The circuit court granted motions to dismiss counts of the first amended complaint against Ameren and IDOT that were properly noticed for hearing. Plaintiff took no action in the circuit court to contest either motion. The circuit court also entered a dismissal order with prejudice as to Alton on the same date, although Alton had not filed a motion to dismiss the first amended complaint and did not serve notice of any motion for the circuit court to grant. This appeal followed.

¶ 3                                    I. BACKGROUND

¶ 4      On January 8, 2024, plaintiff, Christina Veasley, filed a complaint on behalf of the estate of her daughter, decedent Keyani Thomas, against defendants Ameren, Richardson, Alton, IDOT, and John Doe. In her complaint, plaintiff alleged the following facts: that on January 8, 2023, Thomas was walking near the intersection of Spaulding and Brown Streets in Alton, Illinois, that at that time the streetlights near the intersection were not in proper working order and therefore failed to illuminate the road and/or sidewalk, and that defendant Richardson struck Thomas with his vehicle, causing her death. The complaint included negligence counts directed against each defendant.

¶ 5      Alton, IDOT, and Ameren each filed motions to dismiss the complaint raising various grounds for dismissal of the counts directed against them. Plaintiff filed responses to those motions and subsequently filed a motion for leave to file an amended complaint that was later granted by the circuit court prior to ruling on any of the pending motions to dismiss the original complaint.

¶ 6      Plaintiff's first amended complaint included negligence counts directed at each defendant. It further included an allegation that a different intersection was the location of the accident resulting in Thomas's death, Landmarks Boulevard and Ridge Street in Alton, Illinois. Plaintiff

attached a petition for appointment of special administrator or personal representative for the estate of Thomas as an exhibit. The circuit court entered an order by consent of the parties that defendants' responsive pleadings to the first amended complaint were due by April 30, 2025.

¶ 7 On April 30, 2025, Ameren filed an answer to plaintiff's first amended complaint, asserting 14 affirmative defenses. It also filed amotion to dismiss the count directed against it in the first amended complaint pursuant to Illinois Supreme Court Rule 103 (eff. July 1, 2007) and section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2024)), arguing five different grounds for dismissal: (1) the Illinois Commerce Commission has exclusive jurisdiction over the claim, which concerned the "adequacy of [electric] services"; (2) plaintiff lacked standing to file suit on behalf of Thomas's estate; (3) the claim was barred by the statute of limitations; (4) service was untimely because plaintiff did not exercise reasonable diligence in service; and (5) the claim failed as a matter of law. On that same date, IDOT filed a motion to dismiss the count directed against it in the first amended complaint pursuant to section 2-619 of the Code of Civil Procedure (*id.*), asserting two different grounds for dismissal: (1) the circuit court lacked subject matter jurisdiction over it and (2) IDOT did not owe plaintiff a duty of care. Richardson also filed a motion to dismiss the first amended complaint on that date, arguing that plaintiff lacked capacity to bring suit, as Thomas's father had been appointed administrator of the estate, rather than plaintiff.

¶ 8 Ameren, IDOT, and Richardson, respectively, each sent a notice of hearing to all parties for a May 22, 2025, hearing date on their respective motions to dismiss. On May 21, 2025, plaintiff filed a motion to voluntarily dismiss the count as to IDOT without prejudice, and filed a response to Richardson's motion to dismiss.

¶ 9 On May 22, 2025, the circuit court entered a written order that stated: "Defendants appear by counsel. Plaintiff's counsel failed to appear. Based on the reasons outlined in the Defendants' Motions to Dismiss, Plaintiff's First Amended [Complaint] is hereby dismissed with Prejudice as to Ameren Illinois, City of Alton, Illinois, Illinois Department of Transportation, & John Doe, and without prejudice as to Royce Richardson." Additionally, the circuit court found that "there [was] no just reason for delaying either enforcement or appeal or both," citing Illinois Supreme Court Rule 304(a) (eff. Mar. 8, 2016). Plaintiff did not file a motion to reconsider. On June 18, 2025, plaintiff filed a timely notice of appeal of the dismissal order as to Ameren, Alton, and IDOT.

¶ 10                                    II. ANALYSIS

¶ 11 Plaintiff advances various arguments on appeal that were not raised in the circuit court in response to the motions to dismiss the first amended complaint filed by Ameren and IDOT. Defendants contend that plaintiff forfeited all arguments on appeal by failing to respond to their motions to dismiss plaintiff's first amended complaint in the circuit court. Plaintiff did not respond to defendants' forfeiture argument as plaintiff did not file a reply brief.

¶ 12 On March 27, 2025, the circuit court entered a written order directing all defendants to file responsive pleadings to the first amended complaint by a date certain. Ameren and IDOT complied with that order by filing timely motions to dismiss. Alton did not comply with that order and did not file a responsive pleading to the first amended complaint.

¶ 13 In its motion, Ameren argued five different grounds for dismissal: (1) the Illinois Commerce Commission has exclusive jurisdiction over the claim, which concerned the "adequacy of [electric] services"; (2) plaintiff lacked standing to file suit on behalf of Thomas's estate; (3) the claim was barred by the statute of limitations; (4) service was untimely because plaintiff did not exercise reasonable diligence in service; and (5) the claim failed as a matter of law. IDOT's motion

4

asserted two different grounds for dismissal: (1) the circuit court lacked subject matter jurisdiction over it and (2) IDOT did not owe plaintiff a duty of care.

¶ 14 The circuit court set a "motion hearing" date for May 22, 2025, by written order entered March 27, 2025. Ameren and IDOT served notice of hearing on plaintiff's counsel with respect to their motions to dismiss the first amended complaint for the hearing date of May 22, 2025. Alton did not serve notice of hearing on plaintiff's counsel with respect to its earlier filed motion to dismiss the original complaint.

¶ 15 Counsel representing all defendants appeared at the May 22, 2025, hearing date. Plaintiff's counsel did not appear at the hearing. There is no transcript of the May 22, 2025, hearing date. As such, it is unclear whether counsel for defendants orally argued their motions to dismiss at that time. The circuit court entered a written order stating: "Defendants appear by counsel. Plaintiff's counsel failed to appear. Based on the reasons outlined in the Defendants' Motions to Dismiss, Plaintiff's First Amended [Complaint] is hereby dismissed w/ prejudice as to Ameren Illinois, City of Alton, Illinois, Illinois Department of Transportation, & John Doe, and without prejudice as to Royce Richardson."

¶ 16 Ameren, IDOT, and Alton filed briefs in which they argue that plaintiff forfeited any argument on appeal by failing to contest their motions to dismiss the first amended complaint in the circuit court. As noted above, plaintiff did not file a written response to IDOT and Ameren's motions to dismiss the first amended complaint. Both IDOT and Ameren properly noticed their motions for hearing and plaintiff's counsel failed to appear at the hearing on their motions. As such, the motions filed by IDOT and Ameren were uncontested in the circuit court and any argument as to why the motions should not have been granted is now being raised for the first time on appeal and is forfeited. There is ample case authority supporting the proposition that the failure

5

to raise an argument in response to a party's motion to dismiss in the circuit court precludes that argument from being raised on appeal. *Evanston Insurance Co. v. Riseborough*, 2014 IL 114271, ¶ 36; *Zerjal v. Daech & Bauer Construction, Inc.*, 405 Ill. App. 3d 907, 915 (2010); *Buckner v. O'Brien*, 287 Ill. App. 3d 173, 177 (1997); *Goode v. Yenchko*, 2026 IL App (5th) 250491-U, ¶ 15; *Goodrich v. Good Samaritan Regional Health Center*, 2023 IL App (5th) 220510-U, ¶ 20. Additionally, after defendants argued forfeiture in their briefs on appeal, plaintiff did not respond to this argument by failing to file a reply brief. The failure to file a reply brief responding to an appellee's forfeiture argument is a forfeiture in and of itself. *Department of Central Management Services/The Department of State Police v. Illinois Labor Relations Board, State Panel*, 2012 IL App (4th) 110356, ¶ 26; *Work Zone Safety, Inc. v. Crest Hill Land Development, L.L.C.*, 2015 IL App (1st) 140088, ¶ 31; *Yenchko*, 2026 IL App (5th) 250491-U, ¶ 15. For all of the foregoing reasons, plaintiff forfeited all issues on appeal concerning the dismissal order as to Ameren and IDOT. As such, we affirm the dismissal with prejudice of the counts of plaintiff's first amended complaint as to Ameren and IDOT. Therefore, we need not address the merits of the arguments raised for the first time on appeal as to those defendants.

¶ 17    Alton did not file a motion to dismiss plaintiff's first amended complaint. As such, plaintiff did not forfeit any argument as to the dismissal order as to Alton. Nor did Alton serve notice of hearing on plaintiff's counsel as to its earlier filed motion to dismiss the original complaint. We can only speculate as to the reason the circuit court dismissed the count against Alton where no motion to dismiss was filed by Alton that was properly noticed for hearing on May 22, 2025. Therefore, the dismissal order as to Alton was procedurally in error. Given the procedural posture of this case as to Alton, we decline to address the merits of the arguments raised on appeal as to

the dismissal order as to Alton. Accordingly, we vacate the dismissal order as to Alton and remand for further proceedings as to Alton.

¶ 18                                    III. CONCLUSION

¶ 19     Therefore, we affirm the dismissal of the counts of plaintiff's first amended complaint directed against Ameren and IDOT, vacate the dismissal order as to Alton, and remand for further proceedings.


¶ 20     Affirmed in part and vacated in part.